UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY J. NELSON,<br>　　　　Plaintiff<br><br>　　v.<br><br>LACKAWANNA COUNTY PRISON,<br>*et al.*,<br>　　　　Defendants | CIVIL ACTION NO. 3:24-CV-1293<br><br>(MUNLEY, D.J.)<br><br>(ARBUCKLE, M.J.) |

## REPORT AND RECOMMENDATIONS

### I.　　RELEVANT BACKGROUND

Corey J. Nelson ("Plaintiff") initiated this pro se civil rights action alleging Scranton Police entered a home without a warrant, then used force to arrest him on January 6, 2021. (Doc. 1, p. 2). Plaintiff was held in the Lackawanna County Prison for two weeks, and then was transported to Luzerne County Prison. He indicated that he wishes to bring a claim against the Scranton Police Department and Lackawanna County Prison under 42 U.S.C. § 1983 and seeks damages for emotional distress and the loss of his employment.

Along with his Complaint, Plaintiff provided an application requesting leave to proceed *in forma pauperis*. On August 8, 2024, Plaintiff's application was granted, and his Complaint was reviewed pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 4, 5).[1] After reviewing Plaintiff's Complaint, we determined that it failed to

---

[1] All mail to Plaintiff has been returned as undeliverable, despite verification that the correct address was used. (Docs. 6, 7, 8).

Page 1 of 11

state a claim upon which relief could be granted. We therefore gave Plaintiff until September 4, 2024 to submit an amended complaint. This deadline has passed, and no amended complaint was received. Plaintiff was advised in our original order that if he did not amend, his Complaint may be dismissed.

Accordingly, it will be recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that no further leave to amend be provided.

## II.   LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary review of complaints brought by plaintiffs who have been granted leave to proceed *in forma pauperis*, and must dismiss a case *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit.

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Therefore, the district court must:

---

[2] *See, e.g.*, *Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861, at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

"accept the facts alleged in [a plaintiff's] complaint as true," "draw[ ] all reasonable inferences in [his or her] favor," and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015).[3]

A court need not "credit a complaint's 'bald assertions' or 'legal conclusions,'"[4] and does not need to assume that a plaintiff can prove facts not alleged.[5]

In screening complaints under 28 U.S.C. § 1915(e)(2), the Court generally relies on the complaint, attached exhibits, matters of public record, and items subject to judicial notice.[6]

Moreover, where a litigant is proceeding without an attorney, his pleading:

> must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83

---

[3] *Shorter v. United States*, 12 F. 4th 366, 374 (3d Cir. 2021).
[4] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted).
[5] *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).
[6] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

(3d Cir. 1997) (*overruled on other grounds*); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).[7]

### III. DISCUSSION

"Section 1983 imposes civil liability upon any *person* who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[8] "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'"[9] Plaintiff names two Defendants in this case—Lackawanna County Prison, and Scranton Police Department. Plaintiff cannot, however, bring federal civil rights claims against the county prison, or the city police department, under 42 U.S.C. § 1983 because these

---

[7] *Graham v. Pa. Dep't of Corr.*, No. 21-148, 2022 WL 2874724, at *4 (W.D. Pa. Mar. 21, 2022), *report and recommendation adopted*, 2022 WL 2871331 (W.D. Pa. July 21, 2022).
[8] *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (emphasis added).
[9] *Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014)).

Defendants are not people.[10] Instead, he must name the local governments these institutions are part of. For this reason, Plaintiff has not asserted a plausible claim, and his Complaint should be dismissed.

Even assuming Plaintiff had named the correct parties (Lackawanna County or the City of Scranton), however, his Complaint would still be dismissed for failure to state a claim because he does not plead facts to support his claim that the local government, or municipality, is liable.

A municipality, like Lackawanna County or the City of Scranton, may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983."[11] Such claims are typically brought where a government official violates an individual's rights while carrying out a government's official policy, or well-established custom.[12] "Liability is imposed

---

[10] *See Cortazar v. Lackawanna Cnty. Prison*, No. 1:20-CV-2051, 2022 WL 21753948, at *13-14 (M.D. Pa. Mar. 31, 2022) (dismissing § 1983 claims against Lackawanna County Prison because the prison is not a person), *report and recommendation adopted*, 2022 WL 21753953 (M.D. Pa. May 2, 2022); *Gifford v. City of Scranton*, No. 3:22-CV-00137, 2022 WL 3142353, at *3-4 (M.D. Pa. Aug. 5, 2022) (dismissing § 1983 claim against the Scranton Police Department because a police department is not a person).

[11] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[12] "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d

[on the municipality] when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees."[13] Section 1983 claims asserted against municipalities are often referred to as "*Monell*" claims.

In his Complaint, Plaintiff refers to a warrantless entry and an arrest involving the use of force by the Scranton Police. It appears he wants to hold the City of Scranton and Lackawanna County liable for this entry and this use of force.

Beginning with Plaintiff's allegation of an illegal entry. The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures.[14] An illegal entry occurs when:

> "an expectation of privacy that society is prepared to consider reasonable is infringed" *Soldal v. Cook Cnty., Ill.,* 506 U.S. 56, 63, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992), or when there is a physical intrusion of a constitutionally protected area, *United States v. Jones,* –– U.S. ––––, 132 S.Ct. 945, 951, 181 L.Ed.2d 911 (2012). The Court has warned that the "Fourth Amendment inquiry involves a reasonableness question which is highly idiosyncratic and heavily dependent on the facts." *Pearson v. Callahan,* 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (internal quotations omitted).[15]

---

Cir. 2000) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). Customs are "'practices of state officials . . . so permanent and well settled' as to virtually constitute law." *Id.*
[13] *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991)) (internal quotations omitted).
[14] U.S. Const. Amend. IV.
[15] *Snyder v. Daugherty*, 899 F.Supp.2d 391, 403 (W.D. Pa. 2012).

Plaintiff does not provide any details about the circumstances of this "warrantless entry." Although it is certainly *possible* that a warrantless entry could violate the Fourth Amendment to the United States Constitution, this Complaint does not include enough factual matter to state a claim that is plausible on its face.[16] Plaintiff alleges that police entered "a home," but does not allege that it was his home or provide any other information from which we could reasonably infer he had a reasonable expectation of privacy there. Further, Plaintiff does not identify any policy or custom of the City of Scranton that led to the deprivation of his rights and does not allege any Lackawanna County employee was involved. In short, Plaintiff does not allege a plausible claim that his Fourth Amendment rights were violated and does not allege a viable theory to hold either municipality liable for that violation. Therefore, Plaintiff's unlawful entry claim would be dismissed, even if Plaintiff named the proper Defendants.

Next, we turn to Plaintiff's allegation that the Scranton Police used force to arrest Plaintiff. The Fourth Amendment to the United States Constitution prohibits law enforcement from using excessive force while making an arrest.[17] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant acted unlawfully.").
[17] *Graham v. Connor*, 490 U.S. 386, 388 (1989).

of the intrusion on the individuals Fourth Amendment interests against the countervailing governmental interests at stake."[18] As stated in *Graham v. Connor*,

> "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See *Tennessee v. Garner,* 471 U.S., at 8–9, 105 S.Ct., at 1699–1700 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").[19]

The "reasonableness" inquiry is an objective one and asks, "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."[20] Those actions must be judged "from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight."[21]

Like his allegation of illegal entry, Plaintiff does not provide any details about the nature of the force used, or about the circumstances under which that force was used. Although it is possible excessive force was used, this Complaint does not include enough factual matter to state a claim that is plausible on its face. Without any information about the nature of the force, or the circumstances under

---

[18] *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 6 (1985)) (internal quotation marks omitted).
[19] *Id.*
[20] *Id.* at 397.
[21] *Id.* at 396.

which it was used, we cannot reasonably infer this use of force was unreasonable. Further, Plaintiff does not identify any policy or custom by the City of Scranton that led to the deprivation of his rights and does not allege any Lackawanna County employee was involved. In short, Plaintiff does not allege a plausible claim that his Fourth Amendment rights were violated and does not allege a viable theory to hold either municipality liable for that violation. Therefore, Plaintiff's excessive force claim would be dismissed, even if Plaintiff named proper Defendants.

We are mindful that *pro se* plaintiffs often should be afforded the opportunity to amend a complaint before it is dismissed in its entirety unless amendment would be futile or result in undue delay. Here, Plaintiff was given the opportunity to amend his pleading on or before September 12, 2024, (Doc. 5) and was warned that if he did not amend his Complaint, it may be dismissed. In that screening order (Doc. 5) we explained the deficiencies in his complaint in detail. Despite this warning to amend, Plaintiff failed to do so. On these facts, it is apparent that granting further leave to amend would be futile because he has already been granted leave and failed to cure the inadequacies in this Complaint.

## IV.     RECOMMENDATIONS

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Date: February 7, 2025                              BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY J. NELSON,<br>　　　　Plaintiff | )<br>)<br>) | CIVIL ACTION NO. 3:24-CV-1293 |
| v. | )<br>)<br>) | (MUNLEY, D.J.) |
| LACKAWANNA COUNTY PRISON,<br>*et al.*,<br>　　　　Defendants | )<br>)<br>)<br>) | (ARBUCKLE, M.J.) |

**NOTICE OF LOCAL RULE 72.3**

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: February 7, 2025　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　*s/William I. Arbuckle*
　　　　　　　　　　　　　　　　　　　　William I. Arbuckle
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge